## THE HELORI.

District Court, W. D. Washington, N. D. March 9, 1928.

No. 11125.

1. **Shipping ⟨⟩24—Vessel sold to United States for naval use by owner surrendering registry certificate became "undocumented vessel" saleable to aliens (46 USCA §§ 38, 808, 863).**

Vessels in United States naval service being exempt from registry under Act June 5, 1920, § 4, 41 Stat. 990 (46 USCA § 863; Comp. St. § 8146¼aa), vessel sold to United States for use in navy by owner surrendering registry cer-

tificate as required by Rev. St. § 4169 (46 USCA § 38; Comp. St. § 7750), was removed from customs regulatory service and became undocumented vessel, not within Comp. St. § 8146e (46 USCA § 808), prohibiting sale of documented vessels to alien without Shipping Board's consent.

2. Shipping ⊜⟾24—Statute declaring registered vessel documented until registry is surrendered with Shipping Board's approval is inapplicable to naval vessels (46 USCA § 840).

Comp. St. § 8146r(6), being 46 USCA § 840, providing that any vessel registered under United States laws shall be deemed documented until .such registry is surrendered with Shipping Board's approval, applies only to vessels engaged in commerce or for pleasure, not to vessels purchased or owned by United States for naval service; Shipping Board being agency of United States government.

3. Shipping ⊜⟾24—Shipping Board's consent to sale of vessel to alien by domestic corporation purchasing it from United States held unnecessary; "documented under the laws of the United States" (46 USCA §§ 11, 38, 808, 863; Comp. St. § 2784; Shipping Board Act 1916, § 1 [46 USCA § 801]).

Vessels in United States military or naval service being exempt from registry under Act June 5, 1920, § 4, 41 Stat. 990 (46 USCA § 863; Comp. St. § 8146¼aa), vessel sold to United States for naval use by citizen owner surrendering registry certificate, issued under Rev. St. § 4132 (46 USCA § 11; Comp. St. § 7709), as required by section 4169 (46 USCA § 38; Comp. St. § 7750), and subsequently sold by United States through Secretary of the Navy under section 1541 (Comp. St. § 2784), to domestic corporation, which subsequently sold it to Canadian corporation, was without provision of Comp. St. § 8146e (46 USCA § 808), prohibiting sale of "documented" vessels to aliens without Shipping Board's consent; "documented under the laws of the United States" being defined "registered, enrolled,.or licensed" under such laws by Shipping Board Act Sept. 7, 1916, § 1 (46 USCA § 801; Comp. St. § 8146a).

In Admiralty. Libel by the United States to forfeit the motor vessel Helori, her engines, apparel, etc., in which the Lake Union Dry Dock & Machine Works intervened as libelant. Exceptions to respondent's affirmative defense overruled.

The libelant prays forfeiture of vessel Helori because transferred to alien and placed under foreign registry without consent of the United States Shipping Board.

It is alleged that in 1912 the Helori was documented·at the port of Seattle by a resident owner, and thereafter sold and conveyed to another resident owner, who conveyed it to the United States, and the registry certificate surrendered to the collector of customs at the port of Seattle; that the vessel

was sold by the United States to a California corporation, which sold it to a Canadian corporation, and was by it placed in foreign registry without the Shipping Board's approval.

The respondent by affirmative defense states that the vessel was sold to the United States Navy, and that the registry certificate and documents were surrendered to the collector of customs, and the vessel was not documented; that it continued as a naval vessel until sold by the Secretary of the Navy to a California corporation; that long prior to the sale by the Secretary of the Navy the vessel had been a derelict lying on the beach in San Francisco, Cal., and was out of commission and was without any papers, license, enrollment and/or documents; that it was stricken from the navy register under the act making appropriations for the fiscal year ending June 30, 1883, approved August 5, 1882; that it was advertised· and sold; that the Secretary of the Navy executed a bill of sale to the California corporation. Delivery of the vessel was thereupon made, and thereafter the vessel was sold and delivered to respondent, who was advised. that the vessel was not documented.

The libelant excepts to the sufficiency of the affirmative defense.

Thos. P. Revelle, U. S. Atty., and Arthur E. Simon, Asst. U. S. Atty., both of Seattle, Wash., for libelant.

Bronson, Robinson & Jones, of Seattle, Wash., for intervening libelant.

Bogle, Bogle & Gates, of Seattle, Wash., for claimant and respondent Shell Shipping & Trading Co.

NETERER, District Judge (after stating the facts as above). Section 8146e, C. S. (46 USCA § 808), makes it unlawful to sell to an alien without the Shipping Board's consent any vessel purchased from the Board or documented under the laws of the United States, and also provides penalties for violation of this provision, one of which is ·forfeiture of the vessel to the United States.

The statute applies (a) to vessels purchased from the Shipping Board, which has not application here; (b) to vessels documented under the laws of the United States. If the vessel was documented under the laws of the United States at the time of sale to the Canadian corporation, the provision has application.

The term, " 'documented under the laws of the United States,' means 'registered, enrolled, or licensed under the laws of .the

United States.'" Section 1, Shipping Board Act Sept. 7, 1916 (section 8146a, C. S. [46 USCA § 801]).

Vessels belonging to a citizen of the United States may be registered (section 4132, R. S. [46 USCA § 11; Comp. St. § 7709]), and upon sale it was the duty of the owner, under heavy penalty, to surrender the certificate of registry (section 4169, R. S. [46 USCA § 38; Comp. St. § 7750]). All vessels in the military or naval service of the United States are exempt from registry. Section 4, c. 250, Act June 5, 1920, 41 Stat. 990 (46 USCA § 863; Comp. St. § 8146¼aa).

[1] There was no impediment to a legal sale of the vessel to the United States for use in the navy. When the vessel was sold to the United States for use in the navy and the registry certificate surrendered, the vessel was removed from customs · regulatory service and became an undocumented vessel.

[2] Section 8146r(6), C. S. (46 USCA § 840), providing any vessel registered, etc., under the laws of the United States shall be deemed to continue to be a documented vessel until such registry is surrendered with the approval of the Shipping Board, can have application only to vessels engaged in commerce, all-inclusive, or for pleasure. The Shipping Board is an agency of the government of the United States, and the navy is an arm of the government of the United States. The government of the United States is the principal, and it would appear rather anomalous to require the government to give consent to itself to do an act which it itself inspired, for its use. The intent of the Congress, obviously, from the consideration of the several statutory provisions, was that, since vessels purchased or owned by the United States for naval service were excluded from the registry provision, no approval of the Shipping Board to a surrender of the registry certificate was required for a vessel purchased for use in the navy.

[3] The Secretary of the Navy was authorized to sell at public sale vessels of the United States that, in his judgment, could not be used. Section 1541, R. S. (Comp. St. § 2784). The vessel, being sold by the United States through the Secretary of the Navy, and delivered to the purchaser, the California corporation, not documented, and the sale by the California corporation to the Canadian corporation of the nondocumented vessel, was without the provisions of section 8146e.

Exceptions to the affirmative defense are overruled.